IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 17-cr-00119-PAB-4

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4. DIEGO MOLINA-CHAVEZ,

    Defendant.
_____

**ORDER**
_____

    This matter comes before the Court on defendant Diego Molina-Chavez's Motion for Review of a Detention Order Pursuant to 18 U.S.C. § 3145(b) [Docket No. 118], wherein the defendant asks the Court to review the detention order of Magistrate Judge Kristen L. Mix entered on May 8, 2017. *See* Docket Nos. 9 and 10. A district court reviews a magistrate judge's detention or release order de novo and makes "an independent determination of the proper pretrial detention or conditions for release." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (quotation omitted).

    The Court has reviewed an audio tape of the May 8, 2017 detention hearing in this case. The defendant did not present evidence at the hearing, but rather proceeded by way of proffer. He argued that his criminal history was relatively minor and that, as a result, he could not be considered a danger to the community. He pointed out that he had worked for company called Radtech for thirteen years and that his employer was willing to let him return to his job. He also noted that he has three children between the

ages of twelve and one and that his common law wife works from their home. He stated that he has family ties to Denver and Colorado Springs and does not possess a passport. As a result, the defendant argued that he would not have any incentive to flee.

The United States noted that, based on the charges in the complaint, there was a presumption of detention. The government proffered that the defendant was a participant in a methamphetamine drug trafficking ring and the leader, Juan Amaya, mentioned the defendant's involvement with methamphetamine sales in several recorded telephone calls. The government argued that the defendant was on probation and had been arrested on many occasions.

In her detention ruling, Judge Mix noted three bases for her detention order. First, that there was a presumption of detention based on the charges in the complaint. Second, that the defendant was on probation. Third, that the defendant has used an alias Social Security number and had three failures to appear, which she believed demonstrated a disregard for the law.

Pretrial detention is governed by 18 U.S.C. § 3142. Under § 3142(f), the facts that a judicial officer uses to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person or the community must be supported by clear and convincing evidence. The United States must prove flight risk by a preponderance of the evidence. *Cisneros*, 328 F.3d at 616. As acknowledged by the defendant at the hearing, this case involves a rebuttable presumption that no condition or combination of conditions will reasonable assure the safety of any other person or the community or the defendant's appearance. Both Counts 25 and 26 of the

2

superseding indictment, Docket No. 33, carry minimum penalties of ten years imprisonment and maximum penalties of life imprisonment.[1] However, even with the rebuttable presumption, the government retains the burden of proof. *Cisneros*, 328 F.3d at 616.

"[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court must take into account the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . [or] involves a . . . controlled substance . . .;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

---

[1] At the time of the detention hearing, the defendant had been charged by way of a complaint with two counts alleged to have occurred on May 2, 2017. After the hearing, the defendant was charged in Counts 25 and 26 of a superseding indictment alleging crimes occurring on May 2, 2017. Although the charges in the complaint differ from the superseding indictment, both the complaint and the superseding indictment charge the defendant with drug trafficking crimes that carry a minimum term of ten years imprisonment and a maximum of a lifetime of imprisonment.

The Court agrees with the magistrate judge that no conditions of release will reasonably assure the appearance of such person as required and the safety of any other person and the community.

First, the nature of the offense demonstrates by clear and convincing evidence that the defendant was involved in the distribution of a large amount of methamphetamine, which poses a danger to the community. Although the complaint and the superseding indictment charge the defendant with activity on only May 2, 2017, at the detention hearing, the government proffered that Mr. Amaya referred to Mr. Molina-Chavez helping him distribute methamphetamine in telephone conversations recorded between May 2016 and August 2016. In May 2016, the defendant was placed on supervised probation in a Denver County Court misdemeanor case for nine months. The defendant claims that the magistrate judge ignored his ties to the community and less punitive measures than detention, such as a halfway house, but those things do not minimize the risk to the community given that it appears, while on supervision in the Denver case, the defendant was actively involved in narcotics distribution. Obviously, his community ties and court supervision did not dissuade him from engaging in criminal activity. The Court finds that the defendant has failed to rebut the presumption as to his dangerousness.

The Court also shares the magistrate judge's concern about the defendant's failures to appear. While such failures to appear are relatively old and the defendant has not had any recent failures to appear, the length of his criminal history combined with the three failures to appear satisfy the Court that the government has shown, by a preponderance of the evidence, that the defendant is a flight risk.

Wherefore, it is

**ORDERED** that the Motion for Review of a Detention Order Pursuant to 18 U.S.C. § 3145(b) [Docket No. 118] is denied.

DATED November 1, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge