IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 17-cr-00119-PAB-4

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4.  DIEGO MOLINA-CHAVEZ,

    Defendant.

---

**ORDER ON MOTION FOR INDEPENDENT TESTING**

---

This matter comes before the Court on the Motion for Independent Testing [Docket No. 88], in which defendant Diego Molina-Chavez requests an order requiring the government to produce, for qualitative retesting by a defense expert, a representative sample from the controlled substance exhibits the government intends to introduce in its case-in-chief.  It is

**ORDERED** that the Motion for Independent Testing [Docket No. 88] is granted.  It is further

**ORDERED** that, in accordance with Fed. R. Crim. P. 16(a)(1)(E), the government shall extract samples from DEA LIMS Number 2017-SFL7-02139 and 2017-SFL7-02142, Exhibit Numbers 14 and 17, sufficient in its discretion to perform the qualitative and quantitative analyses.  It is further

**ORDERED** that the government shall deliver, in a manner it deems consistent with the type and quantity of controlled substance at issue, and considering the expert's

proximity to the originating Drug Enforcement Administration (DEA) laboratory, a representative sample of the exhibits identified above to the defense expert, who has been specifically identified as Robert K. Lantz or Patricia L. Sulik at the laboratory that has been specifically identified as Rocky Mountain Instrumental Laboratories, Inc., which is physically located at 108 Coronado Ct., Fort Collins, CO 80525, and with a mailing address of 108 Coronado Ct., Fort Collins, CO 80525. The expert shall possess and present in advance, as a prerequisite to the delivery of the exhibits, a current and valid DEA registration (number PR0193590) sufficient to perform the qualitative and quantitative analyses of the schedule of controlled substance at issue, in accord and in full compliance with the applicable DEA registration procedures, found at 21 C.F.R. § 1301.11 *et seq*. It is further

**ORDERED** that, upon delivery of the exhibits to the defense expert, the expert shall sign and return by Registered Mail, Return Receipt Requested, all accompanying forms (including Form DEA-12, "Receipt For Cash Or Other Items") indicating receipt of the sample. The defense expert shall conduct the identification and quantitative analysis (calculated as the hydrochloride salt form) ordered herein, and shall provide the government with a Declaration Under Penalty of Perjury pursuant to 28 U.S.C. § 1746. The Declaration will state the quantity of each exhibit consumed during analysis (if any) as well as the weight of each exhibit both received from and returned to the government. The Declaration shall be delivered to the government immediately upon completion of the analyses ordered herein. It is further

**ORDERED** that, in accordance with Fed. R. Crim. P. 16(b)(1)(B), the defendant

shall provide the government with a copy of the results or reports of the analyses under this Order. It is further

**ORDERED** that:

(1) The defense agrees that any reweighing of the exhibit(s) will be conducted first and separately from any retesting involving qualitative and/or quantitative analyses of the laboratory exhibit(s), if such a separate order is entered;

(2) The defense shall coordinate with the government a date and time as soon as practicable for the analyses ordered herein;

(3) The defense expert's analyses may be observed by a government law enforcement officer, who may videotape the analyses or any portion thereof;

(4) The defense expert is responsible for safeguarding the exhibits/samples, preserving the chain of custody in a manner to faithfully protect their integrity;

(5) The defense expert is responsible for repackaging each internal sample/exhibit package into a heat-sealed evidentiary envelope, which heat-sealed container shall be placed into a separate heat-sealed envelope, which shall be secured in such a manner that tampering will be readily observable;

(6) Upon completion of any other reanalysis, the defense expert shall return any residual substance and its original packaging to the law enforcement officer or, where applicable, to the originating DEA laboratory by secure method, not to include regular mail. The method can be secured delivery services (i.e., barcode tracking systems) offered by the United States Postal Service (such as registered mail) or by a commercial carrier;

(7) All reanalysis must be completed as soon as practicable after the date of receipt of the samples/exhibits. Return of any residual substance and its original packaging must occur within five calendar days following completion of the reanalysis.

(8) Any failure to follow the aforementioned procedures may render the reanalysis results scientifically unreliable, as those terms are used in the Federal Rules of Evidence or its state equivalent;

(9) Any failure by the defense to maintain the proper chain of custody will not render DEA Laboratory Nos. 2017-SFL7-02139 and 2017-SFL7-02142, Exhibit Numbers 14 and 17, inadmissible for that reason.

DATED November 29, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge