**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No: 17-cr-119-PAB-4

UNITED STATES OF AMERICA,

        Plaintiff,

v.

4.  DIEGO MOLINA-CHAVEZ,

        Defendant.

---

## PLEA AGREEMENT

---

        The United States of America, by United States Attorney for the District of Colorado Robert C. Troyer, through Assistant United States Attorney Celeste Rangel, and defendant Diego Molina-Chavez, personally and by counsel, Harvey Steinberg, submit the following Plea Agreement, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and District Court of Colorado Local Rule 11.1.

        It is the intention of the parties to resolve all pending federal criminal issues, excluding any tax issues (none are presently known to the parties), between the defendant and the United States Attorney's Office for the District of Colorado through the resolution of this case.  Discussions in relation to this plea agreement, including any restricted supplement to the plea agreement, were and are entered into pursuant to Fed. R. Crim. P. 11, Fed. R. Evid. 410, and U.S.S.G. § 1B1.8.  The parties understand and agree that in the event the agreement represented herein is not accepted by the Court, is not entered into by the defendant, or the defendant fails to meet his obligations pursuant to this plea agreement, including any restricted supplement to the plea agreement, the government

1

**COURT EXHIBIT
1**

will proceed with the prosecution of the defendant according to law, which may include obtaining superseding indictments, filing additional charges, and pursuing Title 21 U.S.C. § 851 allegations, if applicable.  *See Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987) (agreement void and government permitted to reinstate original charges when defendant failed to completely fulfill his obligations pursuant to the plea agreement).

## I. **AGREEMENT**

1.     The defendant agrees to plead guilty to Count 1 of an Information charging a violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(B)(viii), Distribution and Possession with the Intent to Distribute 5 grams or more of methamphetamine (actual), a Schedule II controlled substance.  The defendant will also admit the notice of forfeiture.

2.     In consideration of this plea agreement, if the United States Attorney's Office for the District of Colorado determines, in its sole discretion, that the defendant has complied with the terms of this agreement, and once the Court indicates its acceptance of the plea of guilty, the government, at the time of sentencing, will move to dismiss the remaining counts of the Superseding Indictment as to this defendant.  The government further agrees to recommend a sentence of imprisonment between five years (the statutory mandatory minimum) and seven years.  This recommendation is not binding on the Court, and the defendant agrees that he will not be permitted to withdraw his plea if the Court does not follow the government's recommendation.  The defendant recognizes that his ultimate sentence will rest solely within the discretion of the sentencing Court.

3.     The defendant agrees to timely file a notice of disposition, request a change of plea hearing date, and to withhold or withdraw any pretrial motions in this case.  In return, the

2

government agrees to request that the defendant receive a three-level decrease for timely acceptance of responsibility pursuant to United States Sentencing Guideline Section 3E1.1(b).

4.      The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined.  Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction, (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 36; or (3) the government appeals the sentence imposed.  If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

5.      The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255).  This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel, or (3) the defendant was prejudiced by prosecutorial misconduct.

6.      The defendant also agrees that he shall assist the government in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights,

3

title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on the defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be subject to forfeiture. Additionally, the defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivering to the government upon request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

7.      The defendant also agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to all assets, and/or their substitutes which are subject to forfeiture pursuant to Title 21, United States Code, Section 853, and all firearms and ammunition which are subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1). Further, should any family member, associate, or acquaintance attempt to contest any such property, the defendant agrees to provide necessary information to the government regarding any such claim.

8.      The defendant also knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to forfeited assets.  Finally, the defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or further notification of any judicial or administrative forfeiture proceedings brought against said assets, and the defendant agrees to waive any appeal for the

4

forfeiture.

## II. ELEMENTS OF THE OFFENSE

9.      The parties agree that the elements of the offenses to which this plea is being

tendered are as follows:

   i.    The defendant, Diego Molina-Chavez,
   ii.   knowingly and intentionally distributed and possessed with the intent to distribute,
   iii.  5 grams or more of methamphetamine (actual). Methamphetamine is a Schedule II controlled substance.

## III. STATUTORY PENALTIES

10.     The maximum statutory penalty for a violation of Title 21, United States Code,

Section 841(a)(1) and (b)(1)(B)(viii), as charged in Count One of the Information is not less

than 5 years' imprisonment; not more than 40 years, not more than a $5,000,000.00 fine,

or both such fine and imprisonment; not less than 4 years' supervised release and not

more than life; and a $100 special assessment fee.  There is no restitution.

11.     If supervised release is imposed, a violation of any condition of supervised release

may result in a separate prison sentence and additional supervision.

## IV. COLLATERAL CONSEQUENCES

12.     The conviction may cause the loss of civil rights, including but not limited to the

rights to possess firearms, vote, hold elected office, and sit on a jury.  If the defendant is

an alien, the conviction may cause the defendant to be deported or confined indefinitely if

there is no country to which the defendant may be deported, to be denied admission to

the United States in the future, and to be denied citizenship.

5

## V. **STIPULATION OF FACTS**

13.     The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement.  That basis is set forth below.  Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations.  To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

14.     The stipulation of facts herein does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

15.     The parties agree that the date on which relevant conduct began is May 2, 2017.

16.     The parties stipulate that these are the facts the government would prove at trial beyond a reasonable doubt:  On May 2, 2017, the defendant drove his co-defendant, Juan Amaya, to a location in order to exchange four pounds of methamphetamine for a motorcycle.  The defendant was to receive the motorcycle.  After talking for a period of time about the deal and an upcoming trip to Las Vegas, the men gave the four pounds of methamphetamine to an undercover agent and were arrested.  The defendant's vehicle was searched pursuant to a search warrant.  In the defendant's vehicle was an additional half pound of methamphetamine.

17.     The parties agree that the defendant's relevant offense conduct, including that

6

which was reasonably foreseeable to him, is 1,829 grams of actual methamphetamine.

18.     All of the above conduct occurred in the District of Colorado.

## VI. ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

19.     The parties understand that the imposition of sentence in this matter is governed by 18 U.S.C. § 3553.  In determining the particular sentence to be imposed, the Court is required to consider several factors.   One of those factors is the sentencing range computed by the Court under the advisory guidelines issued by the United States Sentencing Commission.  In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines.  To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

> a. The parties agree that pursuant to U.S.S.G. §1B1.3, providing that relevant offense conduct includes the reasonably foreseeable conduct of others with whom the defendant has jointly undertaken criminal conduct, and U.S.S.G. §2D1.1(c), the base offense level is **36** as the defendant's conduct involved at least 1.5 kilograms but less than 4.5 kilograms of methamphetamine (actual).

> b. No specific offense characteristics apply.

> c. Assuming the defendant timely filed a notice of disposition and withheld the filing of any pretrial motions in this case, the defendant should receive a **3**-level downward adjustment for timely acceptance of responsibility. The resulting adjusted offense level is **33**.

7

d.  The parties understand that the stipulation regarding criminal history of the defendant is tentative, and that the defendant is in a better position to know his convictions than the government.  The criminal history category will be more completely and accurately determined by the Probation Department.  Nevertheless, the parties believe the defendant is in Criminal History Category II.

e.  The advisory guideline range resulting from the offense level of **33**, and the (tentative) criminal history category of **II** is **151 to 188 months**. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range of **135** months (bottom of Category I) to **293** months (top of Category VI).  The guideline range would not exceed, in any case, the statutory maximum applicable to the count of conviction.  There is a mandatory minimum sentence of 60 months for this offense.

f.  Pursuant to U.S.S.G. §5E1.2, assuming the estimated offense level above, the fine range for this offense is $35,000.00-$5,000,000.00, plus applicable interest and penalties.

g.  Pursuant to U.S.S.G. §5D1.2, if the Court imposes a term of supervised release, that term is at least four years but not more than life.

h.  There is no restitution order or conditions required by U.S.S.G. §5E1.1.

8

20.     The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range.  In doing so, the Court is not bound by the position of any party.

21.     Unless specifically prohibited as a term of the plea agreement, no estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or of a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines.  Similarly, and unless specifically prohibited as a term of the plea agreement, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

22.     The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. __ENTIRE AGREEMENT__

23.     The plea encompasses all readily provable relevant offense conduct as of the date of the offer represented by the proposed plea agreement, and adequately reflects the serious nature of the criminal activity engaged in by the defendant.

24.     This document, including any restricted supplement, states the parties' entire agreement.   There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied.  In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions or assurances not expressly stated in this agreement, including any restricted supplement.

Respectfully submitted this __12__ day of __March__, 2018, at Denver, Colorado.

ROBERT C. TROYER
United States Attorney
District of Colorado

BY: _____  3/12/18
    Celeste Rangel      date
    Assistant United States Attorney

BY: _____  3-8-18
    Diego Molina-Chavez     date
    Defendant

BY: _____ Stephen Burstein  3-8-18
    Harvey Steinberg           date
    Attorney for Diego Molina-Chavez

10